**KENTUCKY BAR ASSOCIATION,
CLE Commission, Petitioner,**

v.

**Jason Michael NEMES, Respondent.**

**No. 2006–SC–000023–KB.**

Supreme Court of Kentucky.

Aug. 24, 2006.

## OPINION AND ORDER

SCOTT, Deputy Chief Justice.

On January 9, 2006, this Court issued an Order requiring Jason Michael Nemes, KBA Number 90546, whose last known bar roster address is 2227 Wadsworth Avenue, Louisville, Kentucky, 40205, to show cause why he should not be suspended from the practice of law for failure to comply with the New Lawyer Skills Program requirements as set forth in SCR 3.652(9).

SCR 3.652(9) provides that suspension from the practice of law is warranted for failure to complete and certify attendance for the New Lawyer Skills Program pursuant to paragraphs (5) and (6). *Id.* It allows for lesser sanctions where appropriate.

SCR 3.652(5) requires Kentucky State Bar Association members to complete the New Lawyer Skills Program within twelve (12) months following the date of their admission.

On October 25, 2005, the last program available before the expiration of the twelve-month period following the date of Nemes' admission, was held in Covington, Kentucky. Nemes registered for and attended the first day of the program. On

the second day, however, he appeared late from lunch break by about thirty minutes. Jan Clark, Director for Continuing Legal Education for the Kentucky Bar Association, explained that there was a twenty minute grace period, that Nemes had failed to show during the grace period, and thus, he would be required to make up the missed thirty minutes at the next program. She also explained that since he failed to complete the entire program within the one year time period, he would be reported to the Kentucky Bar Association as non-compliant with the above referenced requirement.

Nemes responds that he was asked to attend a luncheon that day by his employer, the Chief Justice of the Kentucky Supreme Court, and that he did not anticipate that the luncheon would run as late as it did. Nemes explains that his employer asked that he stay for the entire luncheon and for a short meeting afterwards. Nemes acknowledges and apologizes for his tardiness and requests that he be permitted to make up the missed time at the next regularly scheduled program.

In reply, the CLE Commission moves the Court to find that Nemes has not shown cause why he should not be suspended from the practice of law or otherwise sanctioned pursuant to SCR 3.652(9). In lieu of suspension, the CLE Commission requests the Court to order Nemes to make up the portion of the program he missed at the New Lawyers Skills Program, scheduled for April 19–20, 2006, in Louisville; fine Nemes $500 for his failure to attend; and order that he will be ineligible and shall not apply for a non-hardship time extension pursuant to SCR 3.667(2) for the education years ending June 30, 2006, and June 30, 2007.

Even though Nemes' tardiness was the direct result of obeying the functional equivalent of an order related to official business of the Court of Justice, the rules require that he must be sanctioned. Because we find his infraction to be *de minimus* and the circumstances to be extenuating, we impose the minimum penalty in accordance with our schedule.

It is therefore ORDERED:

█ 1. Nemes shall pay a fine of $300.00 for non-compliance with the CLE requirements of SCR 3.652(5) for last year, to be paid to the Kentucky Bar Association within thirty (30) days of the date of this order, for which execution may issue upon expiration of said thirty (30) days;

2. If he has not already done so, he shall remedy his deficiency at the first available opportunity by attending that portion of the New Lawyers Skills Program that he missed in October 2005; and

3. He shall not apply for nor shall he be eligible for a non-hardship extension of time pursuant to SCR 3.667(2) for the educational years June 30, 2006, and June 30, 2007.

All concur. LAMBERT, C.J., not sitting.

SCOTT, J., concurs in a separate opinion in which GRAVES, McANULTY, MINTON, and ROACH, J.J., join.

SCOTT, Justice, concurring.

I concur in the Court's opinion and order for the sole purpose of resolving an issue that has consumed an inordinate amount of the Court's time since my arrival in January of 2005. In so concurring, I speak for a majority of this Court.

SCR 3.652(8) clearly allows the Continuing Legal Education Commission to extend the time for completion and certification of the New Lawyers Skills Program upon application in the case of "hardship or other good cause clearly warranting relief." This allowance of discretion, assumes the applications, hardships and/or

other good cause will be evaluated by the Commission prior to a referral to this Court for sanctions under SCR 3.652(9). Under the scenario of the rule, we must then consider any showing of "good cause."

In recent cases, we have been deferential to the request of the Commission for sanctions, even though the record presented has not established the Commission's evaluation of the "hardship or other good cause" shown. For instance in this case, as shown by the record, Mr. Nemes was attending to court business, via a direct request by the Chief Justice of this Court. Thus, he was 30 minutes late for the afternoon session. Following the directions of the Chief Justice of this Court on this Court's business, when one is general counsel to the Court, is Court business.

That having been said, deference to the request of the Commission for sanctions has again been extended, but in the hope that the Commission will, in the future, consider its discretion allotted under SCR 3.652(8) and, when presented, make recommendations to this Court in regards to the hardship, or other good cause pled to the Commission. We are a conclusory body; not an investigative one.

GRAVES, McANULTY, MINTON, and ROACH, JJ., join this concurring opinion.